# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SUSAN GAIL STEPHENS,                        )      Case No. CV 17-03490-JEM
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )      MEMORANDUM OPINION AND ORDER
                                            )      AFFIRMING DECISION OF THE
NANCY A. BERRYHILL,                         )      COMMISSIONER OF SOCIAL SECURITY
Acting Commissioner of Social Security,     )
                                            )
                    Defendant.              )
                                            )

## PROCEEDINGS

On May 9, 2017, Susan Gail Stephens ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on August 21, 2017. On October 17, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 55 year-old female who applied for Social Security Disability Insurance benefits on February 11, 2014, alleging disability beginning December 1, 2013.  (AR 15.)  The ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 1, 2013, the alleged onset date.  (AR 17.)

Plaintiff's claim was denied initially on April 18, 2014, and on reconsideration on June 12, 2014.  (AR 15.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Sharilyn Hopson on October 28, 2015, in Orange, California.  (AR 15.)  Plaintiff appeared and testified at the hearing.  (AR 15.)  Although informed of the right to representation, Plaintiff chose to appear and testify without the assistance of an attorney or other representative.  (AR 15.)  Vocational expert ("VE") Jeanine Metildi also appeared and testified at the hearing.  (AR 15.)

The ALJ issued an unfavorable decision on November 20, 2015.  (AR 15-24.)  The Appeals Council denied review on March 9, 2017.  (AR 1-4.)

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1.      Whether the ALJ's decision has the support of substantial evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001).  Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 1, 2013, the alleged onset date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: a history of moderate central stenosis at the C3-4 through C5-6 levels, with disc protrusion at these levels "slightly" flattening the ventral cord surfaces; multiple levels of neural foraminal stenosis, most pronounced at the C4-5 level on the right and C5-6 level bilaterally; degenerative disc disease of up to a moderate degree at mid cervical levels;

4

degenerative facet disease with bone hypertrophy contributing to stenosis; degenerative disc disease at T11-T12, L3-4, L4-5, and L5-S1; facet joint disease at L4-L5; left facet joint mild arthropathy; cervicalgia, status/post-discectomy and interbody anterior fusion at C3-4 and C5-6 with post-operative pain; a history of lumbosacral radiculitis, brachial neuritis, or radiculitis; obesity; and chronic obstructive pulmonary disease ("COPD").  (AR 17-18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 18.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b), with the following limitations:

Claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently; she can stand, walk, or sit for 6 hours out of an 8 hour workday.  She can frequently climb stairs, but cannot climb ladders, ropes, or scaffolds.  She can frequently balance, stoop, kneel, crouch, and crawl.  She can perform occasional overhead reaching with the right upper extremity.  She can perform frequent fine and gross manipulation with the right upper extremity.  She cannot work at unprotected heights or around dangerous moving machinery.  She must avoid any concentrated exposure to dust, fumes and other pulmonary irritants.

(AR 18.)  In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely credible," which Plaintiff does not challenge here.  (AR 19.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as an office manager as she performed it and as it is generally performed.  (AR 22.)  In addition, the ALJ found that Plaintiff is able to perform the jobs of a unit secretary and cardiac monitor technician as generally performed.  (AR 22-23.)[1]

---

[1] The two last pages of the ALJ Opinion were erroneously bates-stamped – page 23 is actually page 22 and page 22 is actually page 23.

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act.  (AR 23.)

**DISCUSSION**

The ALJ determined that Plaintiff had the RFC for a reduced range of light work (AR 18) and could perform her past relevant work as an office manager (AR 22-23).  Consequently, the ALJ found Plaintiff not disabled "from December 1, 2013, through the date of this decision [November 20, 2015]."  (AR 23-24.)

Plaintiff contends that the ALJ's RFC is not based on substantial evidence and free of legal error.  In challenging the ALJ's RFC, Plaintiff primarily relies on a physical RFC questionnaire completed by Provider Amos Yi.  (Dkt. 18-1.)  The questionnaire was submitted for the first time to the Appeals Council, after the ALJ's unfavorable decision was rendered on November 20, 2015.  (AR 15-24.)  The questionnaire completed by Provider Yi is dated March 4, 2016 (Dkt. 18-1), after the ALJ's November 20, 2015 decision.

Provider Yi diagnosed Stephens with degenerative cervical intervertebral disc and degenerative lumbar intervertebral disc.  (Id. at 1.)  Provider Yi also identified the symptoms of bilateral hand numbness, neck pain, and low back pain that radiates to the legs.  Clinical findings identified were tenderness in the posterior of the neck and decreased sensation of the hands.  (Id.)  Provider Yi opined that Plaintiff can sit, stand and walk less than 2 hours in an 8 hour workday.  (Id.)  She can occasionally carry more than 20 pounds.  (Id. at 2.)  Provider Yi further opined Plaintiff would need unscheduled breaks in an 8 hour workday, would miss work up to 4 days a month, and has significant limitations in reaching, handling, and fingering.  (Id. at 2-3.)

The Appeals Council "looked at" but did not "consider" Provider Yi's questionnaire as part of the record in denying review.  See 20 C.F.R. § 404.970(b).  The Appeals Council stated that the new information is "about a later time" and does not affect the decision about whether Plaintiff was disabled on or before November 20, 2015.  (AR 2.)

This Court has no jurisdiction to review the decision of the Appeals Council denying review.  Brewes v. Comm'r, 682 F.3d 1157, 1161-62 (9th Cir. 2012).  When the Appeals

6

Council denies review, the ALJ's decision becomes the final decision of the Commissioner, and the Court reviews that decision for substantial evidence based on the record as a whole, including any new evidence submitted to and considered by the Appeals Council. Id. at 1161-63. The Ninth Circuit in Brewes specifically cited and relied on 20 C.F.R. § 404.970(b), which provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Id. at 1162 (emphasis added). The new evidence if it relates to the period before the ALJ decision must be treated as part of the administrative record. Id. Additionally, the HALLEX manual ("Hearings, Appeals, and Litigation Law Manual"), I-3-5-20 subpart A(3), states that new evidence relates to the period on or before the date of the hearing decision if it is "reasonably related to the time period adjudicated in the hearing decision."[2]

The Appeals Council determined that Provider Yi's evidence was "about a later time" after the hearing decision (AR 2) and thus did not consider it in denying review. Provider Yi's March 4, 2016 evidence not only postdated the ALJ's decision of November 20, 2015, but addressed only limitations that were present on March 4, 2016. Provider Yi offered no opinion as to limitations within the time period addressed in the hearing decision nor did he state that his opinion was retroactive or retrospective. As there is no factual basis to warrant

---

[2] Plaintiff contends that the Appeals Council did not follow HALLEX in referencing in the record that new evidence was rejected as not new material or related to the period at issue. As an internal policy manual, however, HALLEX is not binding because as an internal policy manual it does not impose judicially enforceable duties on either the ALJ or the Court. Lockwood v. Comm'r Soc. Sec., 616 F.3d 1068, 1072 (9th Cir. 2010).

consideration of Provider Yi's opinion in regard to the period before the hearing decision, the Court must review the ALJ decision for substantial evidence without regard to Provider Yi's RFC questionnaire.  Thus, Plaintiff's argument that the ALJ erred by not considering Provider Yi's evidence or other evidence dated after the hearing decision (AR 2) must be rejected.

Plaintiff also makes reference to new material submitted to the Appeals Council within the period of the ALJ decision:  Orange Advanced Imaging dated January 3, 2015, to July 21, 2015; Muralidhara Raju, M.D., Orange County Brain and Spine dated July 30, 2014, to August 4, 2015; Anaheim Advanced Imaging undated; West Coast Radiology Centers dated July 29, 2013, from Dr. Zhanna Rapoport, M.D., dated March 10, 2015.  (AR 2.)  The Appeals Council found that this new evidence "does not provide a basis for changing the Administrative Law Judge's decision."  (AR 2.)  Although the Appeals Council's finding is conclusory, Plaintiff did not present any analysis or argument how the above evidence would change the ALJ's decision.  Plaintiff's only argument regarding this new evidence is that the ALJ never considered it.  Brewes, however, makes clear that the District Court reviews the ALJ's decision for substantial evidence based on the record as a whole, including any new evidence submitted and considered.  682 F.3d at 1161-63.  Were it otherwise, every claimant could withhold evidence until after the ALJ decision, and then submit it to the Appeals Council, and obtain an automatic remand on the basis that the ALJ never considered the evidence.  Here, Plaintiff in any event offers no explanation why the new evidence submitted and considered by the Appeals Council and made part of the record (AR 5) would provide a basis for changing the ALJ decision.  Pursuant to Brewes, the Court finds that the ALJ decision is based on substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED:  April 6, 2018

_/s/ John E. McDermott_
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE